```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


UNITED STATES OF AMERICA,      §
                               §
          Plaintiff,           §
                               §   CIVIL ACTION NO. H-07-4460
v.                             §   (Criminal Numbers H-04-542
                               §    and H-04-433)
ANH TUAN TRAN, #16480-179,     §
                               §
          Defendant.           §
```

**MEMORANDUM OPINION AND ORDER**

Anh Tuan Tran has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 1 in C.A. No. H-07-4460; Docket Entry No. 35 in Crim. No. H-04-542) and a Memorandum in Support (Docket Entry No. 36 in Crim. No. H-04-542).  Pending before the court is the Government's Motion to Dismiss and Alternative Motion for Summary Judgment (Docket Entry No. 39 in Crim. No. H-04-542) to which Tran has filed a "Traverse" (Docket Entry No. 40 in Crim. No. H-04-542).  Although Tran's motion refers to Criminal Action No. H-04-542, it is clear from reading the motion, the supporting memorandum, and Tran's Traverse that he is complaining of the Judgment entered against him in <u>United States v. Anh Tuan Tran</u>, Criminal Action No. H-04-433.

Two indictments were filed against Tran.  In H-04-542 he was indicted for possessing two firearms after having been previously convicted of a felony offense in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2). In H-04-433 Tran was indicted for knowingly distributing a controlled substance, Ecstasy, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

Tran was rearraigned in H-04-433 on October 28, 2004 (Transcript of Rearraignment, Docket Entry No. 42), and on February 4, 2005, in H-04-542 (See Transcript of Rearraignment, Docket Entry No. 30.). On April 22, 2007, he was sentenced in both cases (Docket Entry No. 41 in Crim. No. H-04-433; Docket Entry No. 29 in Crim. No. H-04-542). In H-04-433 he was sentenced to 168 months in prison to be followed by three years of supervised release (Docket Entry No. 35 in Crim. No. H-04-433). In H-04-542 he was sentenced to 120 months in prison to be followed by three years of supervised release (Docket Entry No. 23 in Crim. No. H-04-542). The sentences were ordered to run concurrently with one another.

Although his motion was filed in the felon-in-possession case, H-04-542, Tran is actually complaining about the 168-month sentencing received in H-04-433. He argues that his attorney was ineffective because the attorney allowed Tran to plead guilty to possessing an amount of drugs without explaining that in calculating his sentencing guideline the probation officer and the court could consider other drugs for which he was responsible as relevant conduct. At Tran's rearraignment in H-04-433 the court explained to him that the maximum sentence he faced was 30 years in

prison, and that "[n]o determination has been made about what your sentence will be." (Transcript of Rearraignment, Docket Entry No. 42, p. 9)  The court then explained the procedure for the probation officer to interview Tran, investigate the facts of the case, and prepare a presentence report, for the parties to object to the report, and for the court to rule on objections at the time of sentencing.

Tran admitted at the rearraignment that he sold a confidential source one-thousand Ecstasy tablets on June 8, 2004. Id. at 12-13. He complains, however, that the probation officer calculated his base offense level by including not only those one-thousand tablets, but additional Ecstasy and other drugs later seized at his apartment in September of 2004.  He also complains that he did not understand that his base offense level in the drug case could be increased by two levels for possessing the weapons that he was charged with in the § 922(g) case.  He complains that "appellant did not have full awareness of the direct consequences of his plea." (Memorandum in Support of Motion to Vacate, Docket Entry No. 36, Crim. No. H-04-542, at third unnumbered page) Tran complains that his counsel was ineffective in failing to fully inform him of the consequences of his plea and in failing to attempt to withdraw the guilty plea.

To prevail on his claim of ineffective assistance of counsel Tran must prove that (1) his counsel's conduct was objectively unreasonable and (2) his counsel's unreasonable conduct prejudiced

-3-

him.  United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996). Counsel's conduct is reviewed with great deference and with a strong presumption that counsel's conduct was reasonable.  Id. Moreover, "[i]n the context of a guilty plea, prejudice is present [only] if there is a reasonable probability that absent counsel's errors the defendant would not have entered a guilty plea and would have insisted on a trial."  Id.  A claim for ineffective assistance of counsel can be disposed of "for either reasonable performance of counsel or lack of prejudice, without addressing the other." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

In the drug case Tran's attorney filed objections to the Presentence Report (Docket Entry No. 14, Crim. No. H-04-433) complaining of the inclusion of the later-seized drugs to which Tran had not admitted guilt at the time of his rearraignment.  The court denied the objections after concluding that the additional drugs constituted relevant conduct for which he was responsible. At Tran's sentencing in the gun case his defense counsel again reurged the objection to the court's considering the additional drugs, and the court again explained the reasons for denying the objection.  (Transcript of Sentencing in H-04-542, Docket Entry No. 29, pp. 3-5)

In its Motion to Dismiss or for Summary Judgment the government argues that even assuming that Tran's trial counsel provided ineffective assistance, Tran cannot show that he was prejudiced by the deficiency.  The government also argues that

Tran's attorney was not ineffective because the court had fully informed Tran that he could receive a sentence greater than he expected when he pleaded guilty in the drug case. (See Transcript of Rearraignment, Docket Entry No. 42 in Crim. No. H-04-433, pp. 9-10.) Because the government has not submitted an affidavit from Tran's counsel, the court must accept Tran's statement that he relied upon his counsel's assurance that he would only be sentenced for the one-thousand Ecstasy tablets that he delivered on June 8, 2004. There is some support in the record for Tran's misunderstanding. At the rearraignment hearing in H-04-433 the government explained that after June 8, 2004, the government continued its investigation and found substantial additional drugs. The government explained that "this case solely deals with the one thousand tablets sold on June 8." (Transcript of Rearraignment, Docket Entry No. 42 in Crim. No. H-04-433, p. 13)

In his supporting memorandum Tran argues that his attorney was ineffective in not objecting to these sentencing issues so that he could preserve the issues for appeal. In fact, as explained above, counsel did object to the amount of drugs used to calculate Tran's guideline range. The failure to object to the two-level enhancement for the firearms is not deficient because there was no legal basis for such an objection. More importantly, however, Tran fails to show prejudice because he does not show that had his attorney advised him of the correct facts he would not have accepted the plea agreement but instead would have gone to trial.

-5-

The most that Tran alleges is that, but for counsel's deficient performance, Tran would have considered "other pleas."[1] (Memorandum in Support of Motion to Vacate, Docket Entry No. 36 in Crim. No. H-04-542, fifth unnumbered page)  Neither in his memorandum nor in his Traverse does Tran state that he would have declined to plead and gone to trial but for his counsel's failure to advise him of how the sentencing guidelines might calculate his total offense level and guideline range.

Nor is the court persuaded that Tran could make such a showing.  As noted, Tran was sentenced to 168 months for possession with intent to distribute Ecstasy.  However, had Tran gone to trial and been convicted -- a likely outcome given the amount of evidence against him -- he would have faced a sentence of 235 to 293 months.[2]  Thus, given this much greater sentence, even if Tran's counsel had performed effectively it is unlikely that Tran would have refused to plead guilty and insisted on going to trial.  See

---

[1]Even if Tran could establish prejudice by establishing that counsel's errors prevented him from considering "other pleas," Tran has not produced any evidence that any other pleas were, or would have been, offered.

[2]Had he not pleaded guilty and been convicted Tran would have had a total offense level of 34, see Presentence Investigation Report, Docket Entry No. 30 in Crim. No. H-04-433, p. 15.  With a criminal history category of V, this would have resulted in a guideline range of 235-293 months.  See U.S. Sentencing Guidelines Manual Sentencing Table (2004).  By pleading guilty Tran obtained a three-level reduction, bringing his total offense level to 31, which enabled Tran to receive the lower sentence of 168 months. See Presentence Investigation Report, Docket Entry No. 30 in Crim. No. H-04-433, p. 15.

Payne, 99 F.3d at 1282.  Accordingly, the court concludes that Tran's claim for ineffective assistance of counsel does not warrant the vacatur of his sentence.  The government's Motion for Summary Judgment (Docket Entry No. 39 in Crim. No. H-04-542) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 21st day of March, 2008.

```
                      _____
                              SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```